Attorneys. David Wisniewski. A please the court my name is Richards directs for the appellant Benjamin Barry Kramer. Kramer is appealing the denial of a 2255 petition. The main issue in this appeal is whether the district court erred in characterizing the petition as a second or successive petition or whether the court should have viewed it as Kramer's first petition in light of the Supreme Court's decision in Magwood. Magwood left open an issue of whether a new judgment following a successful 2255 that won on only a resentencing permitted a prisoner to file a new petition challenging his conviction. This court addressed that issue in Suggs but felt it was bound by a prior precedent of the court Dowler to deny release. Both Dowler and Suggs involved first successful petitions only resulting in resentencing. In Kramer's case his first successful 2255 resulted in the vacation or vacatur of a count that conviction his conviction for a 46 conspiracy. Therefore we think Suggs is distinguishable and the court should have considered or should have the district court should have considered this petition a first petition following Magwood. Doesn't Suggs expressly say that in interpreting the law, doesn't Suggs expressly say that it is a new 2255 petition if it is challenging the most recent judgment. In this case they certainly wouldn't be challenging the judgment that set aside the conspiracy conviction under 846. Well, they're challenging the underlying conviction. I'm sorry? But a new judgment was entered reinstating the CCE conviction. But they're not challenging that judgment and that's I think the distinction that Suggs is drawing. Well, I mean I think the court should limit Suggs to expects which was a resentencing. So what's the sense of what you're arguing, right? There's nothing new. The new judgment didn't create a new issue. Well, in his first 2255 he challenged both convictions, both counts of conviction on double jeopardy grounds. The district court chose to vacate the 846 and not the CCE. So the CCE then was involved with the new judgment. No, no, the judgment wasn't the judgment, the one that vacated the 846 claim. Contrary to Magwood where the petitioner challenges the imposition of the death penalty, the challenge is granted. There's a new hearing and the death penalty is imposed again. Now the petitioner in Magwood is challenging the judgment of death, the judgment of the death penalty. Here certainly your client wouldn't be challenging the vacation of the second count under 846. Correct. I understand that Magwood only involved the sentencing issue and that it left open the question of whether if the first first 2255 vacated a sentence, whether the second 2255 could challenge the conviction and be considered a first. I think the language in Suggs expressly resolves that issue. Well, it resolves that issue. In facts, we're only involving resentencings and therefore we think it's distinguishable and the court should limit it to its significance. How does the new judgment create a new issue? Well, I think Magwood answers that question because it reinstitutes, it's a new document. But that's not anything new. That's what I don't understand. If the new judgment adds something that can be challenged, well then of course the defendant should be able to file a new 2255. But if it doesn't change anything and all he's doing is repeating a claim either that he made in the earlier proceeding or that he could have made, then I don't see what significance the judgment has. Well, I think the Supreme Court in Magwood answers that question saying that a new judgment restarts the clock. Why? Under the plain language of 2255. Forget plain language. Why would you expect a judgment that doesn't alter some resolution, some issue? Why would that give the defendant a second bite at the apple? What's the sense behind it? Well, all I can say is that's what the Supreme Court held. Yeah, but that's very unsatisfactory because we would like to have a reason for what we do rather than just say, oh, well, the Supreme Court said so, even though they're dealing with a different issue. Well, it does recreate the error by reinstating the judgment. No, it doesn't. That doesn't recreate anything. Why do you say that? Well, that's the rationale of the Supreme Court. Why do you say it recreates the error? Because the judgment is on a different ground. It doesn't have any effect on that error. Well, it's a new judgment. Therefore, it must recreate the error. Not therefore. Well, it's a new judgment, but it doesn't affect this issue. So, why does it matter whether it's a new judgment or no new judgment? What's the judgment added to the argument for allowing a second bite at the apple? Well, when a judgment is not affected, when the conviction is not affected by a resentencing, if the only issue is resentencing, then there's a new judgment on it that includes the conviction. There was no issue regarding the conviction at play. In this case, there clearly was in both 2255s, both 2255s were attacking the same conviction. Same thing. So, you're taking two bites at the apple and the only reason you give for that is that there was an intervening judgment. Correct. Although it was irrelevant to this issue. Well, I think the Supreme Court disagrees with that view. Yeah, but I'd like to hear a reason. Now, you may say, well, the Supreme Court, they didn't know what they were doing, but we're bound. You could say that. Or you could say there was a reason for what the Supreme Court did. Well, I think the reason the Supreme Court ruled that way is because they viewed the judgment as the key to the analysis based on the language of the applicable statute. It doesn't make sense. The judgment didn't change anything. But the rules on successive petitions the court ruled were based on judgments, not claims that are raised in the successive petitions. And therefore, it's irrelevant under the Supreme Court's view that the claim was the same as in the first case. And the circuits are obviously split on the issue. But that wasn't such a case, right? Pardon, Your Honor? Claim wasn't the same in that case. No, it wasn't the same claim, but it was a claim that was procedurally defaulted. So the Supreme Court was focused on the issue in which, you know, there is the judgment makes a difference. Correct. And you want to say that without saying so, they actually were dealing with this case where the judgment makes no difference. Well, turning back to, let me turn back to Suggs for a moment. Suggs viewed that it was bound by Dollar. Dollar was, in my mind, a procedural default case. To defend in that case and multiple procedural defaults, they could have raised his issues at trial, on appeal, direct appeal, in his first 2255. Our case is not that case. Our case, the Richardson issue was preserved all along the way. So we don't believe that we're, we don't believe this court should be bound by Dollar in our facts. So the issue is whether Suggs adoption of Dollar also includes the defect in a sense in that in the reasoning of Suggs, which is that there's a procedural default that's key to Suggs opinion. We think because of that, it's another reason that Suggs should not be followed in this case. Now we've also raised a 2241 argument based on the solicitor general's changed position on whether... So you're asking us to issue or habeas corpus, is that what you said? Well, in my, in our brief, we did ask that and the government responded by saying a venue argument, basically saying that this should be, that 2241 should be filed in Florida where... They're also saying they can't meet the criteria of 2241, aren't they? Well, that's, that is what would be a dispute based on the solicitor general's changed position. And we thought that the, in our reply brief, we suggested that the venue issue was waived. Why are you asking us for habeas corpus? You're supposed to ask the district court. Well, I, I, I tend to agree, Your Honor, and in retrospect, I, in my reply brief, I suggested that the government had waived the venue argument, but I do believe that the district court ought to have the first crack at deciding this issue, especially in light of the solicitor general's changed position. We haven't heard the government's view on that in this case. So I think that probably would be better off presented to the district court, in which case our suspension clause issue is, would be premature. Okay. Well, thank, thank you. Mr. Stray for Mr. Clark. Good morning, Your Honors. This is Mr. Kramer's third, uh, 2255 petition. Uh, the first one was filed way back in, uh, 1998 and it was resolved in his favor. The second was resolved in 2003. Uh, not in his favor. Uh, the first 2255 resulted in a vacatur of his conspiracy conviction, conviction after Rutledge held that the conspiracy was a lesser included offense in the CCE conviction. There was no new sentence imposed. Uh, the second 2255 resolved in 2003 was based on Richardson's holding requiring jury unanimity on at least, uh, the, uh, on the three, uh, predicate acts for the CCE. Uh, it appears that Mr. Kramer now argues that Magwood's 22, I'm sorry, 2010 decision nullifies the court's 2003 ruling that is 2003, 2255 was successive because what he's arguing is that under Magwood, the vacatur of his 1998 resulted in a new judgment that he was free to attack now in a, what he calls a first non-successive 2255. But as you've indicated, Suggs says that Magwood, uh, declined to extend itself to second motions, challenging the conviction rather than the sentence. Yes. Counsel, doesn't the, the, the niceties of the habeas procedure aside for just a moment, doesn't it seem just basically unfair that this fella is incarcerated probably for the rest of his life on a verdict that has subsequently been declared to be constitutionally infirm. And I recognize Elaine doesn't, doesn't apply to post conviction proceedings and whatnot, but that, that court said that it's, it was a constitutional deprivation not to have a unanimous determination as to the same three predicate clauses by the jury. Um, this fella is in jail, uh, verdict rendering, uh, that, that, that resulted in the judgment. Um, when we don't know whether the jury met that constitutional standard, doesn't that just seem basically unfair? Well, uh, not exactly, Your Honor, uh, because as this court previously indicated in the 2003 2255, uh, there was ample evidence for the jury to make the determination for the, the predicate, uh, allegations. We don't know that they weren't instructed that it had to be the same, it had to be unanimous on the same three offenses. Yes. But, uh, if I understood the 2003 2255 decision correctly, uh, there was sufficient evidence, uh, that, that the jury could have found those three predicates. And, uh, additionally, I believe the original, uh, that was, that was Richardson, right? That was the challenge on Yes, but they weren't analyzing whether the jury could have found that under the, the, uh, rationale that was later developed in Allain, were they? That, that, that's a matter of constitutional magnitude that the jury unanimously agree on the same three predicate offenses. I would agree that's the holding in, in Allain, but, um, uh, the, as I recall, uh, the court, your court, this court, um, determined that, that there was overwhelming evidence of, uh, of the fact that he had participated in this, uh, CCE and that there was overwhelming evidence of the, uh, of the predicate acts. So, uh, your honors, uh, uh, believe that the, uh, Suggs is dispositive here and that the district court's decision should be affirmed. Okay. Thank you very much. Mr. Strayford, do you have anything further? Just respond briefly to the harmless error issue. I don't believe that this court in 2003, in its 2003 opinion, discussed or said that there was overwhelming evidence of Kramer's guilt. There were other opinions in this case involving a co-defendants Lanier and Fisher, which were different. And the court did address the evidence against them mainly because I think it was Lanier's counsel conceded in his defense that he conceded his client was involved in all these, many, many of these episodes, whereas Kramer did not. Matter of fact, at the trial court level, in this case, the defense attorney specifically asked for, for, uh, special interrogatories. Did he agree on that very issue? And there were no other accounts of conviction that would satisfy most courts find Richardson errors harmless because there's other counts of conviction that can satisfy the predicate, uh, violations. And in this case, the one key load was the last load in 80, in 80, uh, six. And that was critical to the defense because it was only that load that brought the case, uh, the seat, the mandatory life in play. So if that the jury were to find him not, uh, culpable for that offense, that he would not be guilty of the, of the offense at all. Thank you, Mr. Clark. You were, you were appointed, were you not? You were not. Thank you anyway. And thank you, Mr. Spade. Next case for argument.